[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR PSYCHIATRIC EXAMINATION OF HAIMAN CLEIN
The defendant seeks an order compelling a prospective state's witness, Haiman Clein ("Clein"), to submit to a psychiatric examination by a psychiatrist chosen by the defense. In support of this motion, the defendant asserts (1) that Clein is the principal witness against her in this capital felony prosecution; (2) that at the time of the events in question Clein was abusing both street drugs and prescription medication; and (3) that intermittently, from 1970 through the time of the alleged murder and thereafter, Clein was seeing various psychiatrists. The defense argues that a psychiatric exam is necessary to determine whether Clein's ability to observe, recollect and narrate the events in question have been affected by his use of drugs or mental condition.[1] The state objects to the motion. On the present record, the motion is denied.[2]
 BACKGROUND
Clein testified for the state at the hearing in probable cause (hereinafter "HPC") to determine whether the defendant could be prosecuted for capital felony and murder. During his HPC testimony, Clein stated that for a period of time before the date of the victim's killing on March 10, 1994, he purchased and used cocaine. Clein testified that in 1993-1994, he usually consumed cocaine four times per week in a total weekly amount of about two grams at a cost of between $500 to $1,000 per week. At the time of his testimony, he was taking two anti-depressant medications, Wellbutrin and Nortriptyline. During his periods of psychiatric treatment he also took prescribed anti-depressant medication.
At the HPC, Clein described his contact with psychiatrists. He testified that he first saw a psychiatrist in 1970 and thereafter for a year or two in the mid 1980s and two or three years in the early 1990s. During the time that Clein allegedly was plotting the murder of the victim, he was seeing Dr. Vittorio Ferraro, a psychiatrist with an office in Essex. He continued to see Dr. Ferraro for some time after March 10, 1994. In addition, for a period from late 1994 to 1995, Clein saw Dr. Barbara Orrok, a psychiatrist practicing in New Haven. Moreover, after his arrest, Clein testified that he saw psychiatrists and psychologists in jail. He has also undergone a forensic psychiatric evaluation by Dr. Walter Borden. Clein was unaware of any mental disease diagnosis for him other than "depression." Clein invoked the psychiatrist-patient privilege CT Page 16458 as to any communications with the psychiatrists that he saw. He did testify that he engaged in psychiatric therapy due to divorces from his former spouses, and took medication such as Prozac and Xanax while under treatment.
 DISCUSSION
It is well settled that a defendant's constitutional right to confront and cross-examine witnesses against her includes the opportunity to explore the witness' mental capacity to observe, recollect and narrate an occurrence. State v. Esposito, 192 Conn. 166, 176, 471 A.2d 949 (1984). While the defendant's right of confrontation may not be impaired, a trial court has discretion as to matters of discovery regarding mental capacity where the material is sought for impeachment. State v. Morant,242 Conn. 666, 682-83, 701 A.2d 1 (1997). Our Supreme Court has ruled that a trial court has broad discretion in deciding whether to order the psychiatric examination of a witness for purposes of impeachment. Statev. Piskorski, 177 Conn. 677, 716-17, 419 A.2d 866, cert. denied,444 U.S. 935, 100 S.Ct. 283, 62 L.Ed.2d 194 (1979). The Supreme Court, however, has emphasized that such discretion should be exercised "sparingly." State v. Morant, supra, 683. Such caution stems from our historical tradition that leaves credibility determinations to the trier of fact, and the concern that a compelled psychiatric examination of a witness can be a "tool of harassment." State v. Morant, supra, 685. Indeed, in Morant, the Supreme Court described the ordering of a psychiatric examination of a witness as a "drastic measure" that should only be taken for "compelling reasons." State v. Morant, supra, 679.
Based on this law, the present motion must be denied for at least two reasons. First, there is no evidence in the record that Clein suffers from a mental illness that impairs his ability to observe, recall or relate the events in question. According to his testimony, the treatment he received was more in the nature of divorce counseling. Second, to the extent the defense wishes to impeach Clein based on his drug use, the record is already adequate to make this claim. Clein was questioned extensively about this subject matter at the HPC and gave reasonably detailed testimony as to the nature of the drugs he was using, the manner of ingestion, the frequency of use and amount used.
In sum, the court does not believe that compelling reasons exist to order a psychiatric examination of Clein in order to assure the defendant's right to confront his testimony. Accordingly, the motion is denied.
 CONCLUSION
CT Page 16459
For the reasons set forth above, the defendant's motion for a psychiatric examination of Haiman Clein is denied.
So ordered at New London, Connecticut this 12th day of December, 2001.
Devlin, J.